Saul D. Zabell
**ZABELL & ASSOCIATES, P.C.**
1 Corporate Drive, Suite 103
Bohemia, New York 11716
Tel.: (631) 589-7242
Fax: (631) 563-7475
szabell@laborlawsny.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **RICHARD YARRIS, individually and on behalf of those individuals similarly situated,** | **COMPLAINT** |
| **Plaintiffs,** | **Case No.:** |
| – against – | **Jury Trial Demanded** |
| **SEARS HOLDINGS CORPORATION, SEARS HOLDINGS MANAGEMENT CORPORATION, and SEARS, ROEBUCK and CO.,** | |
| **Defendants.** | |

Plaintiff, **RICHARD YARRIS** (hereinafter, "Plaintiff"), by and through his attorneys,

**ZABELL & ASSOCIATES, P.C.** complains and allege as follows:

### INTRODUCTORY STATEMENT

1.    Plaintiff brings this action seeking monetary damages, declaratory relief and affirmative relief

based upon Defendants' violations of the Fair Labor Standards Act of 1938 (hereinafter

"FLSA"), as amended, 29 U.S.C. § 201 et seq., the New York State Labor Law, N.Y. LAB.

LAW §190 et seq., the New York State Department of Labor Regulations ("NYDOL Regs"),

12 N.Y.C.R.R. §142-2.1 – 142-2.4 and other appropriate rules, regulations, statutes and

ordinances.

2.      Plaintiff, on behalf of himself and a class of all others similarly situated, brings this class action

against Defendants Sears Holdings Corporation and Sears, Roebuck & Co. (collectively,

"Sears" or "Defendants"), alleging that Sears misclassified its Assistant Managers as exempt

from the overtime requirements of Federal and New York labor laws. The Assistant Managers

at Sears' retail stores lack the kind of independent judgment and discretion that is needed to

qualify for the managerial exemptions to overtime and other wage protections under Federal

and New York law.  In addition, Assistant Managers do not perform non-manual labor that is

directly related to the management policies or general business operations of Sears as required

by the administrative exemption, do not manage the stores and departments in which they work

in the manner contemplated by the executive exemption, and do not meet the other prongs of

either the administrative or executive exemption tests. Moreover, the job of the Assistant

Manager uniformly revolves around non-exempt work activities, such as merchandising,

janitorial services, working the cash register, assisting customers, cleaning fixtures, stocking

shelves, and accepting deliveries of incoming product.  Plaintiff seeks relief from this Court in

the form of unpaid wages, as well as additional damages and equitable relief described herein.

3.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et

seq. that he is entitled to recover for himself, and on behalf of all similarly situated employees,

from Defendants: (1) statutory overtime for all hours worked in excess of forty (40) per week,

(2) liquidated damages, and (3) attorneys' fees and costs.

4.      Plaintiff alleges, pursuant to the New York Labor Law, that he is entitled to recover for

himself, and on behalf of all similarly situated employees, from Defendants: (1) spread of

2

hours pay for days worked in excess of ten (10) hours per day, (2) statutory overtime for all hours worked in excess of forty (40) per week, (3) damages provided by the Wage Theft Prevention Act, (4) damages associated with failure to maintain true and accurate records (5) liquidated damages, and (6) attorneys' fees and costs.

5.  Plaintiff initiates this action seeking for himself, and on behalf of all similarly situated employees, all compensation that he was deprived of, plus interest, liquidated damages, attorneys' fees and costs.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

7.  This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. §1367 and other appropriate rules, regulations, statutes and ordinances.

8.  The unlawful employment practices alleged below were committed within the State of New York, County of Suffolk.  Accordingly, this action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

9.  This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

10.  Plaintiff is a citizen of the State of New York and resides in the County of Suffolk.

11.  At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and Section 190(2) of the New York Labor Law, N.Y. LAB. LAW § 190(2) (McKinney 1986, Supp. 2001).

3

12.   Plaintiff was employed by Defendants as an Assistant Manager in the Bay Shore, New York Store from January 2011 through March 2014.

13.   Upon information and belief, Defendant Sears Holdings Corporation ("Sears Holdings") is a Delaware corporation with its principal place of business in Hoffman Estates, Illinois. Sears Holdings Corporation does extensive business nationwide.

14.   Upon information and belief, Defendant Sears Holdings Management Corporation ("Sears Holdings Management") is a Delaware corporation and is a subsidiary of Sears Holdings Corporation, with its principal place of business in Hoffman Estates, Illinois. Sears Holdings Management Corporation does extensive business nationwide.

15.   Defendant Sears, Roebuck and Co. is a New York Corporation and is a wholly owned subsidiary of Sears Holding Corporation. Its principal place of business is also in Hoffman Estates, Illinois and it does extensive business nationwide. Defendants are collectively referred to herein as "Sears" or "Defendants".

16.   Defendants were the joint employers of Plaintiff and the employees he seeks to represent. Plaintiff is informed and believes that each and every of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

4

17.    At all times relevant to the Complaint, Defendants were "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section 190(3) of the New York Labor Law, N.Y. Lab. Law § 190(3) (McKinney 1986, Supp. 2001).

18.    Upon information and belief, at all times relevant to the Complaint, Defendants were an "enterprise" and performed activities for a business purpose within the meaning of 29 U.S.C. §§ 203(r)(1) and (r)(2), due to their operation of a retail store.

19.    Upon information and belief, at all times relevant to the Complaint, Defendants employed more than two (2) employees engaged in interstate commerce and had a gross annual dollar volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) due to their operation of retail stores.

20.    Upon information and belief, at all times relevant to the Complaint, Defendants employed more than two (2) employees engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in connection with their operation of retail stores.

21.    Upon information and belief, at all times relevant to the Complaint, Defendants employed employees, including Plaintiff, who regularly were and are presently engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. § 203(b), (g), (i) and (j) in connection with their operation of retail stores.

### GENERAL ALLEGATIONS

22.    Sears owns and operates approximately 900 "full-line" Sears-branded retail stores throughout the United States that sell apparel, home furnishings, hardware, and electronics.

## Sears' Misclassification of Its "Assistant Managers"

23.   Sears employs multiple Assistant Managers in each of its full-line retail stores, and there is almost always more than one Assistant Manager on duty during business hours. At each store, Sears also employs retail associates who are compensated on an hourly basis and are eligible to earn overtime. Assistant Managers, while given some limited responsibilities in addition to those held by non-exempt associates, do not exercise independent judgment and discretion on matters of significance, do not perform work directly related to management policies or general business operations of Sears, do not manage the stores and departments in which they work, and do not have the authority to conduct management duties on a regular basis. Instead, Assistant Managers at Sears are primarily engaged in non-exempt work on a day-to-day basis. Such non-exempt work activities include merchandising, janitorial services, working the cash register, assisting customers with routine inquiries, stocking shelves, cleaning fixtures, and receiving product shipments. Assistant Managers are required to perform these tasks day-in and day-out and spend the majority of their working hours engaged in these non-exempt tasks.

24.   In order to ensure their assigned departments meet Sears' corporate standards and are up to date with current products and promotions, Assistant Managers, who are not eligible for overtime pay, work long hours before the stores open and after the stores close performing non-exempt work such as setting up sales racks and appropriate signage for displays. Much of this non-exempt work is required to be performed by Assistant Managers because Sears maintains a company-wide policy and practice of strictly controlling labor costs, and in particular, the hours of work of retail associates in accordance with sales expectations.

6

25.   The few job responsibilities Assistant Managers are given which are not held by other non-exempt store employees, such as scheduling associates and interviewing prospective employees, are strictly prescribed by company policies and procedures. Nonetheless, these activities do not comprise the majority of Assistant Managers working hours, are not their primary duties, and do not make the job properly classified as exempt.

<u>Sears' Failure to Pay Assistant Managers Overtime Wages</u>

26.   Sears prohibits its Assistant Managers from recording the time they spend working. Instead, regardless of the number of hours worked in a given week, Sears' payroll system automatically logs a pre-set number of hours per pay period.  As an Assistant Manager at Sears' Bay Shore, New York retail store, Plaintiff regularly worked more than 70 hours a week and sometimes more than 12 hours in a day. Plaintiff was classified as an "exempt" employee by Sears and was compensated on a salary basis at the rate of $70,000 per year.  Plaintiff is informed and believes that Sears maintains a policy and practice of classifying all of its Assistant Managers as "exempt" employees under the Fair Labor Standards Act and New York Labor Law and does not pay them overtime wages, regardless of the nature of the Assistant Manager's job responsibilities.

<u>Sears' Failure to Pay Assistant Managers Spread of Hours Pay</u>

27.   As an Assistant Manager at Sears' Bay Shore, New York retail store, Plaintiff regularly worked more than ten (10) hours per day.  Sears did not compensate Plaintiff an additional hour's pay when he worked more than ten (10) hours in a day in violation of 12 NYCRR § 142-2.4.

<u>Sears' Failure to Pay Assistant Managers Spread of Hours Pay</u>

28.   At no point during Plaintiff's tenure at Sears' Bay Shore, New York retail store, did Defendants did provide Plaintiff with a written notice of his wage rate, in accordance with the New York State Wage Theft Prevention Act, NYLL § 195.

<u>Sears' Failure to Keep True and Accurate Records</u>

29.   During Plaintiff's tenure at Sears' Bay Shore, New York retail store, Defendants did not maintain true and accurate records of Plaintiff's hours worked in violation of N.Y. LAB. LAW § 661.

## **FEDERAL RULES OF CIVIL PROCEDURE RULE 23**
## **CLASS ACTION ALLEGATIONS**

30.   Plaintiff repeats and re-alleges the allegations contained herein.

31.   Plaintiff brings Claims I-V of this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and as the Class Representative for a class of the following persons:

      a.   All current and former Assistant Managers employed by Sears in Sears' "full-line" retail stores in the State of New York from September 12, 2008.

      b.   The number and identity of other class members may be determined from the records of Sears, as potential class members may easily and quickly be notified of the pendency of this action.

32.   <u>Numerosity</u>. Plaintiff's claims satisfy the numerosity standards because the class is believed to number in the hundreds of persons. As a result, joinder of all class members in a single action is

impracticable. Class members may be informed of the pendency of this class action through direct mail.

33.  <u>Existence of common questions</u>. There are numerous questions of fact and law common to the class arising from Sears' policies, procedures and actions. These include, without limitation, the following:

    a.      Whether Sears misclassified its Assistant Managers as exempt from the overtime requirements of the Fair Labor Standards Act and New York Labor Law;

    b.      Whether the kind of independent judgment and discretion, if any, afforded to Assistant Managers under Sears' policy and procedure is sufficient to meet the exemption tests under applicable law;

    c.      Whether Assistant Managers perform work directly related to management policies or general business operations and/or whether Sears' policy and procedure generally reserves that function to other personnel;

    d.      Whether Assistant Managers actually manage the stores and departments in which they work within the meaning of applicable law and/or whether Sears' policy and procedure generally assigns that function to other personnel;

    e.      Whether Sears' policy and procedure affords Assistant Managers the authority to undertake, on a regular basis, the duties set forth in the managerial exemptions;

    f.      Whether the job duties that fall within the Assistant Managers' job description fall on the exempt or non-exempt side of the applicable law;

    g.      The corporate policies and practices of Sears with respect to staffing hourly employees and controlling labor costs, and the impact these policies and practices have

on the job duties and responsibilities of Assistant Managers;

    h.      Whether Sears failed to pay Spread of Hours pay to Assistant Managers;

    i.       Whether Sears failed to provide did not provide its Assistant Managers written notice of their wage rate;

    j.       Whether Sears failed to maintain true and accurate records of all employee hours worked;

    k.      Whether Sears failed to pay proper overtime wages to Assistant Managers; and

    l.       Whether Sears' conduct was unfair or unlawful, in violation of the Fair Labor Standards Act and the New York Labor Law.

34.   Typicality. Plaintiff's claims are typical of those of the class in that class members have been employed in the same Assistant Manager position as Plaintiff and were subject to the same unlawful practices as Plaintiff.

35.   Adequacy. Plaintiff is an adequate representatives of the class because he is a member of the class and his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the members of the class will be fairly and adequately protected by Plaintiff and his undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

36.   A class action is the appropriate method for the fair and efficient adjudication of this controversy because the questions of law and fact that are common to the class members, including those questions set forth above, predominate over any questions affecting only individual persons, and a class action is superior to other available methods to reach a fair and efficient adjudication of this controversy. It would be impracticable and undesirable for each

member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

37. Alternatively, a class action is the appropriate method for the fair and efficient adjudication of this controversy because Sears has acted or refused to act on grounds generally applicable to the class, so that final injunctive or corresponding declaratory relief is appropriate respecting the class as a whole.

38. Alternatively, a class action is the appropriate method for the fair and efficient adjudication of this controversy because the presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Sears, and/or substantially impair or impede the ability of class members to protect their interests.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Failure to Pay Overtime – FLSA Violation)

39. Plaintiff repeats and realleges each and every allegation contained herein.

40. Defendants are employers, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

41. Plaintiff, and those individuals similarly situated, are employees, within the meaning contemplated, pursuant to 29 U.S.C. §203(e).

42. Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed

11

in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

43.  Plaintiff, and, upon information and belief, those individuals similarly situated, worked in excess of forty (40) hours per week.

44.  Plaintiff, and, upon information and belief, those individuals similarly situated, did not receive overtime compensation at the rate of one and one-half (1 ½) times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

45.  Consequently, by failing to pay overtime compensation, Defendants violated the governing provisions of the FLSA.

46.  Upon information and belief, Defendants' failure to pay overtime compensation was willful.

47.  By the foregoing reasons, Defendants are liable to Plaintiff, and those individuals similarly situated, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Overtime – New York Labor Law Violation)

48.  Plaintiff repeats and re-alleges each and every allegation contained herein.

49.  Defendants are employers, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

50.  Plaintiff, and those individuals similarly situated, are employees within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(5) and the supporting New

York State Department of Labor Regulations.

51.  12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

52.  New York Labor Law Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

53.  Plaintiff, and, upon information and belief, those individuals similarly situated, worked in excess of forty (40) hours per week.

54.  Plaintiff, and, upon information and belief, those individuals similarly situated, did not receive overtime compensation at a rate of one and one-half (1 ½)  times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

55.  Consequently, by failing to pay to overtime compensation, Defendants violated New York Labor Law Article 19 § 663 and 12 NYCRR § 142-2.2.

56.  Upon information and belief, Defendants' failure to pay overtime compensation was willful.

57.  By the foregoing reasons, Defendants violated New York Labor Law Article 19 § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiff, and those individuals similarly situated, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### THIRD CLAIM FOR RELIEF
### (Failure to Pay Spread of Hours Pay – New York Labor Law Violation)

58.  Plaintiff repeats and re-alleges each and every allegation contained herein.

59.  Defendants are employers, within the meaning contemplated, pursuant to New York Labor

Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

60. Plaintiff, and those individuals similarly situated, are employees within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

61. 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours [in a day]."

62. Upon information and belief, Defendants did not pay Plaintiff, and, upon information and belief, those individuals similarly situated, an additional hour's pay when they worked more than ten (10) hours in a day.

63. Plaintiff, and, upon information and belief, those individuals similarly situated, regularly worked in excess of ten (10) hours per day.

64. Consequently, by failing to pay an additional hour's pay when Plaintiff, and those individuals similarly situated,  worked more than ten (10) hours in a day, Defendants violated 12 NYCRR § 142-2.4.

65. By the foregoing reasons, Defendants violated 12 NYCRR § 142-2.4 and are liable to Plaintiff, and those individuals similarly situated,  in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## FOURTH CLAIM FOR RELIEF
### (New York Wage Theft Prevention Act Violation)

66. Plaintiff repeats and re-alleges each and every allegation contained herein.

67. The New York Wage Theft Prevention Act requires employers, each year, to "notify his or her

14

employees, in writing, at the time of hiring of the rate of pay and of the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article, and obtain a written acknowledgement from each employee of receipt of this notice. Such acknowledgement shall conform to any requirements established by the commissioner with regard to content and form. For all employees who are eligible for overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

68. Defendants did not provide Plaintiff, and upon information and belief other similarly situated employees, with a wage notice, as required by NYLL§ 195.

69. Plaintiff, or other similarly situated employees, did not sign an acknowledgment confirming receipt of said notice, as required by NYLL § 195.

70. For the foregoing reasons, Defendants violated New York Labor Law § 195 and are liable to Plaintiff, and those individuals similarly situated, in an amount to be determined at trial, plus interest, attorney's fees, and costs.

## FIFTH CLAIM FOR RELIEF
### (Failure to Keep True and Accurate Records- New York Labor Law Violation)

71. Plaintiff repeats and re-alleges each and every allegation contained herein.

72. New York Labor Law § 661 requires that all employers ". . . keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and such other information as the commissioner deems material and necessary . . . ."

73. Defendants failed to maintain true and accurate records of all hours worked by Plaintiff, and other similarly situated employees.

15

74.  As such, Defendants violated New York Labor Law § 661 and are liable to Plaintiff, and those individuals similarly situated, in an amount to be determined at trial, plus interest, attorney's fees, and costs.

## DEMAND FOR A JURY TRIAL

75.  Plaintiff repeats and re-alleges each and every allegation herein of the Complaint with the same force and effect as if the same had been set forth at length herein.

76.  Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, on his own behalf and on behalf of a proposed class of all others similarly situated, as a result of the unlawful conduct and actions of the Defendants herein alleged, respectfully requests that this Court grant the following relief:

a)  On the First, Second, Third and Fifth Causes of Action, an award of Plaintiff's actual damages in an amount to be determined at trial plus interest;

b)  On the Fourth Claim for Relief, an award of $2,500.00; the maximum penalty for violations of N.Y. LAB. LAW § 195;

c)  Order Defendants to pay Plaintiff a reasonable sum for expenses pursuant to the New York Labor Law §§ 198, 663;

d)  Declare Defendants violated the Fair Labor Standards Act and the New York State Labor Law;

e)  An award of liquidated damages where allowed by statute;

f)  Defendants be ordered to pay Plaintiff pre and post judgment interest;

g)  Order Defendants to pay all costs and disbursements of this action, including Plaintiff's attorneys' fees; and

h) Order such other and further relief as may be just and proper.

Dated: Bohemia, New York
September 19, 2014

ZABELL & ASSOCIATES, P.C.
*Attorneys for Plaintiff*

By: _____

Saul D. Zabell
1 Corporate Drive, Suite 103
Bohemia, New York 11716
Tel.: (631) 589-7242
Fax: (631) 563-7475
szabell@laborlawsny.com

17